**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4895**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TERRANCE JERMAINE HODGE,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:08-cr-00059-BR-1)

Submitted:  May 21, 2009          Decided:  May 26, 2009

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Jermaine Hodge pled guilty to possessing with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced him as a career offender to 300 months' imprisonment, in the middle of the advisory guidelines range. On appeal, counsel has filed an Anders[*] brief, stating that there are no meritorious issues for appeal but questioning whether Hodge's sentence is reasonable. Hodge was informed of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss the appeal, in part, based upon Hodge's waiver of appellate rights as to his sentence. We grant the Government's motion and affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of

---

[*] Anders v. California, 386 U.S. 738 (1967).

2

law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Hodge knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sole sentencing issue he raises on appeal falls within the scope of the waiver. We therefore grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Hodge's conviction that may be revealed by our review pursuant to Anders. Our review of the transcript of the plea colloquy convinces us that the district court fully complied with the mandates of Rule 11 in accepting Hodge's guilty plea. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we affirm Hodge's conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Hodge's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>